On basis of the foregoing, the order entered September 10, 1962, should be reversed and in all respects vacated, with costs to all parties filing briefs to be paid out of the estate, but reserving the matter of allowances, if any, in connection with this appeal to be fixed by Special Term as aforesaid; and an order should be entered hereon specifically providing for the acceptance and filing of the report of the special guardian, the institution of removal proceedings against Michael Jr., with his suspension in the meantime, and with further specific provisions as hereinbefore indicated. Settle order on notice.

Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ., concur.

Order entered on September 10, 1962, unanimously reversed and in all respects vacated, with costs to all parties filing briefs to be paid out of the estate, but reserving the matter of allowances, if any, in connection with this appeal to be fixed by Special Term as aforesaid; and an order should be entered hereon specifically providing for the acceptance and filing of the report of the special guardian, the institution of removal proceedings against Michael Jr., with his suspension in the meantime, and with further specific provisions as hereinbefore indicated. Settle order on notice.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TOBIAS BUND, Appellant.— Judgment of conviction of defendant on each of three counts of larceny in the first degree and on one count of forgery in the second degree and sentence on each count to State prison for a term of no less than one year and three months and no more than two years and six months, with said sentences to run concurrently and not consecutively, unanimously affirmed. The defendant's conviction on said counts is amply supported by the evidence and the record discloses no prejudicial error. The defendant has now been given the opportunity to examine the Grand Jury minutes of the testimony of the witnesses Daniel C. Elson and Beatrice Elson, and, thereafter, has been given an opportunity to point out to this court any alleged inconsistency between such testimony of said witnesses and their testimony upon the trial and to show prejudice, if any, arising from the failure of the trial court to allow the inspection of the said minutes at the time of the trial. After such opportunity, and on an examination of the minutes, we conclude that the variance between the testimony of these witnesses before the Grand Jury and at the trial was not substantial and that the defendant was not prejudiced by the rulings of the trial court in this connection. (*People* v. *Wilson,* 16 A D 2d 207.) Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. JOSE A. SALVADOR. (B) THE PEOPLE OF THE STATE OF NEW YORK v. EARL BEASLEY. (C) THE PEOPLE OF THE STATE OF NEW YORK v. EDWARD MOSIEJ. (D) THE PEOPLE OF THE STATE OF NEW YORK v. ABRAHAM KNIGHTNER and FRAND D. MACK. (E) THE PEOPLE OF THE STATE OF NEW YORK v. CARL SANTILLO. (F) THE PEOPLE OF THE CITY OF NEW YORK v. PETER PENN. (G) THE PEOPLE OF THE STATE OF NEW YORK v. ELIZABETH RAYMOND. (H) THE PEOPLE OF THE STATE OF NEW YORK v. HRAD TASHJIAN. (I) THE PEOPLE OF THE STATE OF NEW YORK v. HECTOR PALENZUELA. (J) THE PEOPLE OF THE STATE OF NEW YORK v. SIDNEY RUDISH. (K) THE PEOPLE OF THE STATE OF NEW YORK v. SALVATORE ESPOSITO. (L) THE PEOPLE OF THE STATE OF NEW YORK v. MARCELINO SANTIAGO. (M) THE PEOPLE OF THE STATE OF NEW YORK v. MAX RANDEL, Alias LOUIS GOLDMAN and HARRY BERGER. (N) THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH BRAFMAN. (O) THE PEOPLE OF THE STATE OF NEW YORK v. IRVING MISHEL. (P) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM SHERMAN. (Q) THE PEOPLE OF THE STATE OF NEW YORK v. CONRAD LAYTON. (R) THE PEOPLE OF THE STATE OF NEW YORK v. ALICE PERRY. (S) THE PEOPLE

OF THE STATE OF NEW YORK V. BERNARD E. MOORE. (T) THE PEOPLE OF THE STATE OF NEW YORK V. ANTHONY SPADARO. (U) THE PEOPLE OF THE STATE OF NEW YORK V. SAM GORDON. (V) THE PEOPLE OF THE STATE OF NEW YORK V. MAX RANDELL, Alias JOSEPH MILLER. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ. (W) THE PEOPLE OF THE STATE OF NEW YORK V. JULIUS WEIR. (X) THE PEOPLE OF THE STATE OF NEW YORK V. JAMES DUCK. (Y) THE PEOPLE OF THE STATE OF NEW YORK V. EUGENE GARNER. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ. (Z) THE PEOPLE OF THE STATE OF NEW YORK V. RAVNELL BLAKE. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.— [In each action] Motion to dismiss appeal granted.

■ LAZARUS V. LAZARUS.— Motion to dispense with printing denied. (See Family Court Act, § 1016.) Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.

■ BEATRICE W. SCHULTZ V. ROBERT MARLIN et al.— Motion to dispense with printing denied. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. IRVING PEREZ.— Motion for reargument denied. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. LEE THOMAS YOUNG.— Motion for reargument denied. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ ROBERT COSTELLO et al., Infants, by Their Guardian ad Litem, STEVE COSTELLO, et al., v. CITY OF NEW YORK et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.

■ FAR HILLS THEATRE, INC., v. EVELYN LAMBERT et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

■ SAMUEL STERNER V. WARSCHAUER HAYM SALOMON HOME FOR THE AGED.— Application denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. CARMINE BOSCO.— Motion to reinstate appeal denied in all respects. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.

■ JOHN H. FAULK V. AWARE, INC., et al.— Motion to modify order of this court denied. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. JOSEPH CELANTANO.— Motion to dispense with printing granted to the extent and on the terms and conditions contained in the order of this court filed herein. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of TOPS EMPLOYMENT AGENCY, INC., v. BERNARD J. O'CONNELL.— Motion to dismiss proceeding granted, with $10 costs. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK V. EDWARD GILLHARD.— Motion to dismiss appeal granted unless the appellant procures the record on appeal and appellant's points to be served and filed on or before January 8, 1963, with notice of argument for the February 1963 Term of this court, said appeal to be argued or submitted when reached. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.